IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEMS, <br> *Plaintiff(s)* <br><br> v. <br><br> STRATEGIC RESOURCE COMPANY, <br> *Defendant* | CIVIL ACTION NO. H-05-1238 |

**MEMORANDUM & ORDER**

Pending before the Court are Plaintiff Memorial Hermann Hospital Systems's motions to remand (Doc. 5) and motion for leave to file first amended complaint (Doc. 15). Defendant Strategic Resource Company has filed a motion for leave to file its first amended answer (Doc. 14). For the reasons set forth below, the Court **ORDERS** as follows: (1) Plaintiff's motion for remand is **DENIED**; (2) Plaintiff's motion for leave to file first amended complaint is **GRANTED**; (3) Defendant's motion for leave to file first amended answer is **GRANTED**.

**I.    FACTS**

Plaintiff, Memorial Hermann Hospital System ("Memorial" or "Plaintiff"), is a Texas non-profit corporation providing medical care to patients in the Houston area. Defendant, Strategic Resource Company ("SRC" or "Defendant"), is a South Carolina corporation. Memorial's original complaint alleges the following facts:

> On or about May 18, 2004, April Garza ("the patient") presented at Plaintiff's hospital for medical treatment. The patient informed Plaintiff that she was covered by an insurance policy provided by the Defendant, SRC, and that SRC would pay for her hospitalization. Plaintiff called SRC and spoke to an employee of SRC who verified that the patient was covered by an insurance policy and that SRC would pay 70% of patient's hospitalization expenses.
>
> In reliance on the above mentioned representations, Plaintiff provided medical treatment to the patient and sent Defendant a bill for seventeen thousand three hundred eighty one [*sic*] and twenty five cents ($17,381.25).
>
> MHHS [Memorial] timely presented a clean claim to SRC. On July 8, 2004, SRC denied payment on the claim on the basis that the patient had no coverage through SRC, despite SRC's prior representations that the patient did have coverage and SRC would pay the claim.

*Plaintiff's Original Petition* at 2-3.

Based on these facts, Plaintiff's original petition sought recovery for (1) violation of the Texas Insurance Code Article 21.21 §§ 4 and 16; (2) violation of the Tex. Business and Commerce Code, § 17.46; (3) violation of the Texas Prompt pay statutes; and (4) negligence. *Id.* at 3-6. Plaintiff's proposed amended complaint (Doc. 15 Ex. A) further alleges that a managed care contract existed between Memorial and SRC and that SRC breached it. Plaintiff seeks the following: $17,381.25 in medical expenses; an 18% penalty; pre-judgment interest; reasonable attorney's fees through trial and appeal; all fees and costs; post judgment interest; and punitive damages. *Id.* at 8.

## II.    LAW

Cases originally filed in state court may be removed based on diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(b). Diversity jurisdiction exists when the amount in controversy exceeds seventy-five thousand dollars and the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). The removing defendant must establish the amount in controversy. *Gaitor v. Peninsular & Occidental S.S. Co*, 287 F.2d 252, 253-54 (5th Cir. 1961). Where the amount stated in plaintiff's petition is less than the jurisdictional amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995). If defendant succeeds, plaintiff must show that at the time of removal he was legally certain to recover less than the jurisdictional amount. *Id.* The amount in controversy includes actual and unliquidated damages. *See Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (attorney's fees); *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (exemplary damages); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998) (punitive damages).

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir.1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law

2

he will rely upon" in pursuing his claims. *The Fair v. Kohler Die & Specialty Company,* 228 U.S. 22, 25 (1913); see also *Beneficial National Bank v. Anderson,* 539 U.S. 1, 6 (2003); *Aaron v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania,* 876 F.2d 1157, 1160-61 (5th Cir.1989), *cert. denied,* 493 U.S. 1074 (1990). It is well established that where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 366 (5th Cir.1995). The only exception to the well-pleaded complaint rule is the doctrine of complete preemption, which applies only if Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir.2003) (en banc) (quoting *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 63-64 (1987)), *cert. denied,* 540 U.S. 1104 (2004).

The Supreme Court has held that state-law claims seeking relief within the scope of ERISA § 502(a)(1)(B) are subject to the doctrine of complete preemption and must be recharacterized as arising under federal law. *Metropolitan Life,* 481 U.S. at 60, 67; see also *Ramirez v. Inter-Continental Hotels,* 890 F.2d 760, 762 (5th Cir.1989). According to § 502(a)(1)(B), ERISA's civil enforcement provision:

> § 1132. Civil enforcement
> (a) Persons empowered to bring a civil action
> A civil action may be brought--
> (1) by a participant or beneficiary--
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

29 U.S.C. § 1132(a)(1)(B). When a claimant seeks relief "within the scope of [ERISA's] civil enforcement provisions," his or her claims are subject to *complete preemption. Metropolitan Life,* 481 U.S. at 66. Complete preemption " 'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of ... making removal available to the defendant." *McClelland v. Gronwaldt,* 155 F.3d 507, 516 (5th Cir.1998); *see also Johnson v. Baylor University,* 214 F.3d

3

630, 632 (5th Cir.), *cert. denied,* 531 U.S. 1012 (2000).

Another type of preemption, known as "conflict" or "ordinary" preemption, "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana,* 338 F.3d at 439. Under ERISA's conflict preemption provision, § 514(a), "any and all State laws [are displaced or superceded] insofar as they ... relate to any employee benefit plan". 29 U.S.C. § 1144(a); *see also Christopher v. Mobil Oil Corporation,* 950 F.2d 1209, 1217 (5th Cir.), *cert. denied,* 506 U.S. 820 (1992). Any state law "relates to" an ERISA plan "if it has a connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97 (1983).[1]

The Fifth Circuit, in *Memorial Hospital System v. Northbrook Life Insurance Company,* 904 F.2d 236, 245 (5th Cir.1990), outlined two unifying characteristics of cases finding ERISA preemption of a plaintiff's state law causes of action.[2] According to the Fifth Circuit, plaintiffs' state law causes of action have been found to be preempted when: (1) the state law claim addresses areas of exclusive federal concern, and (2) the claim directly affects the relationship between traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital,* 904 F.2d at 245.

First, preemption is appropriate, according to *Memorial Hospital,* where the state law addresses areas of exclusively federal concern, including the right to receive benefits under the terms of an ERISA plan. 904 F.2d at 245. Congress's purpose in enacting ERISA was "to promote the interests of employees and their beneficiaries in employee benefit plans, ... and to protect contractually defined benefits." *Firestone Tire & Rubber Company v. Bruch,* 489 U.S. 101, 113

---

[1] While this "relate to" standard must be interpreted expansively to give the words their broad common-sense meaning, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21.

[2] See also *Cypress Fairbanks Medical Center Inc. v. Pan-American Life Insurance Company,* 110 F.3d 280, 283 (5th Cir.), *cert. denied,* 522 U.S. 862, 118 S.Ct. 167, 139 L.Ed.2d 110 (1997); *Foley v. Southwest Texas HMO, Inc.,* 226 F.Supp.2d 886, 894 (E.D.Tex.2002); *Baylor University Medical Center v. Arkansas Blue Cross Blue Shield*, 331 F.Supp.2d 502, 507 (N.D.Tex.2004).

4

(1989) (internal citations and quotations omitted). The Supreme Court has cautioned, however, that it has "addressed claims of [ERISA] pre-emption with the starting presumption that Congress [did] not intend to supplant state law." *New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Company,* 514 U.S. 645, 654 (1995); *see also Fort Halifax Packing Company, Inc. v. Coyne,* 482 U.S. 1, 19 (1987) ("ERISA preemption analysis 'must be guided by respect for the separate spheres of governmental authority preserved in our federalist system."). Lawsuits against ERISA plans for commonplace, run-of-the-mill state-law claims–although obviously affecting and involving ERISA plans–are not preempted by ERISA. *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 833 (1988).

Second, preemption is appropriate, according to *Memorial Hospital,* where the state law directly affects the relationship among the traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries. 904 F.2d at 245.  For instance, a hospital's state law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the hospital seeks to recover benefits owed under a plan to a plan participant who has assigned her right of benefits to the hospital. See *Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988). However, absent status as an assignee, health care providers are not traditional ERISA entities. *See Memorial Hospital,* 904 F.2d at 249 (stating that health care providers were not a party to the ERISA bargain struck by Congress between health benefit plans and their participants).

### III.    APPLICATION OF LAW TO THE FACTS

#### A. ERISA Preemption

The court agrees with Memorial that its claims against Defendant are run-of-the-mill state law claims that are not preempted by ERISA.  All of Memorial's causes of action stem from SRC's alleged misrepresentation of coverage for April Garza and from SRC's alleged breach of the Managed Care Contract.  Memorial is not suing Defendant as the assignee of Garza's benefits. The parties agree that Garza had no benefits at the time she was treated.  Memorial's claims do not directly affect the relationship between traditional ERISA entities.  Thus, as has been made clear

5

by numerous precedents in this Circuit, claims such as these are not subject to ERISA preemption. Specifically, the Fifth Circuit and federal district courts within Texas have found that certain state law causes of action, including all of the claims asserted here, are not preempted by ERISA when brought by independent, third-party health care providers. *See Transitional Hospitals Corporation v. Blue Cross and Blue Shield of Texas, Inc.,* 164 F.3d 952, 954 (5th Cir.1999) (claims for breach of contract, common law misrepresentation, and statutory misrepresentation under the Texas Insurance Code); *Memorial Hospital,* 904 F.2d at 238 (claims for deceptive and unfair trade practices under the Texas Insurance Code, breach of contract, and negligent misrepresentation); *Perkins v. Time Insurance Company,* 898 F.2d 470, 473 (5th Cir.1990) (claim for tortious breach of contract); *Baylor University Medical Center v. Epoch Group, L.C.*, 340 F.Supp.2d 749, 759-60 (N.D. Tex. 2004) (breach of contract claim against health plan); *Baylor University Medical Center v. Arkansas Blue Cross Blue Shield*, 331 F.Supp.2d 502, 508-12 (N.D.Tex.2004) (claims for breach of contract and late payment of claims under the Texas Insurance Code); *Methodist Hospitals of Dallas v. Wal-Mart Stores, Inc.,* No. 3:02-CV-0656, 2003 WL 21266775 at *1, 3 (N.D.Tex. May 30, 2003) (claims for breach of contract and negligent misrepresentation); *Foley,* 226 F.Supp.2d at 890, 895, 902 (claims for late payment of claims under the Texas Insurance Code and unjust enrichment); *Memorial Hermann Hospital System v. One Health Plan of Texas, Inc., et al.*, Civil Action No. H-02-2424, Order of Sept. 18, 2002 at 5-10 (S.D. Tex. 2002) (Atlas, •.) (negligence, negligent misrepresentation, and violations of Texas Insurance Code Article 21.21 § 4 and DTPA § 17.46(a) & (b)); *Rogers v. CIGNA Healthcare of Texas,* 227 F.Supp.2d 652, 655 (W.D.Tex.2001) (claims for breach of contract and quantum meruit). As one district court aptly stated in a recent decision: "Enforcing a contract to provide medical services in exchange for payment for those services is hardly an exclusive area of federal concern." *Baylor*, 331 F.Supp.2d at 509. None of the claims in this action are dependent on or derived from the rights of any plan beneficiaries, and the Court finds that none of the claims are subject to preemption.

    **B. Diversity**

6

Alternatively, SRC argues this case is properly before the court on diversity grounds. The parties do not dispute their diverse citizenship. They do, however, dispute whether the amount in controversy satisfies the jurisdictional requirement. Plaintiff stipulates to actual damages of only $17,381.25; however, plaintiff also seeks to recover penalties under the insurance code, punitive damages and attorney's fees. Plaintiff is unwilling to stipulate that these damages will not exceed $75,000.[3] Therefore, the court finds by a preponderance of the credible evidence that the amount in controversy exceeds seventy-five thousand dollars.

## IV.   CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** that Plaintiff's motion for remand is **DENIED**. Plaintiff's motion for leave to file first amended complaint is **GRANTED**. Defendant's motion for leave to file first amended answer is **GRANTED**.

**SIGNED** at Houston, Texas, this 25th day of October, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[3] According to the fee schedule in Plaintiff's amended complaint, if this case is appealed to the Texas Supreme court, Plaintiff will seek ninety thousand dollars in attorney's fees exclusive of other damages.